## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| BRIAN LEU ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 17-cv-50392 |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY ) | **Plaintiff demands trial by jury** |
| ) | |
| Defendant. ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN LEU, by his attorneys, JOHN C. KREAMER and

JOSEPH E. URANI of THE KREAMER LAW GROUP, and in complaining of Defendant,

UNION PACIFIC RAILROAD COMPANY, states as follows:

### NATURE OF CLAIM

1. This is an action seeking redress for discrimination, denial of a reasonable

    accommodation and retaliation, all in violation of the Americans with Disabilities Act of

    1990, (hereinafter "ADA"), 42 U.S.C. §12201 *et. seq*. the Employee Retirement Income

    Security Act, (hereinafter "ERISA"), 29 U.S.C. §1132 *et. seq*.; and other common law

    theories of recovery.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C.

    §1331, 29 U.S.C. §1332 and 42 U.S.C. §12201 *et. seq*.

3. Venue is proper in the Northern District of Illinois, under 28 U.S.C. §1391(b) and (d), as

    Plaintiff's causes of action arose herein, and Defendant does business throughout the

    state of Illinois and is thus subject to the personal jurisdiction therein.

1

## PARTIES

4. BRIAN LEU (hereinafter "LEU" of "PLAINTIFF") is a male citizen of the United States and currently is a resident of Aurora, Illinois, in DuPage County.

5. LEU was at all relevant times an employee of Defendant, UNION PACIFIC RAILROAD COMPANY., (hereinafter "UNION PACIFIC" of "Defendant") and at the time of his wrongful termination, worked for Defendant in the State of Illinois.

6. Defendant is a corporation doing business throughout the State of Illinois and maintained its corporate headquarters at 1400 Douglas Street, Omaha NE, and is an employer and proper defendant under the ADA and ERISA.

## PROCEDURAL REQUIREMENTS

7. LEU has fulfilled all conditions precedent to the institution of this action. He timely filed two Charge of Discrimination with the Illinois Department of Human Rights and with the Equal Employment Opportunity Commission (EEOC) against Defendant, and has received a Right to Sue letter from the EEOC for each separate charge. The Right to Sue letters are attached hereto and made part hereof as Exhibits A and B.

## FACTUAL BACKGROUND

8. Plaintiff LEU was employed by Defendant Union Pacific Railroad Company from on or about, August 2004 until he was unlawfully terminated on or about July 3, 2016.

9. At the onset of Plaintiff's employment, he was retained by Union Pacific Railroad Company as a switchman/conductor; promoted to supervisor yard master, and promoted

again on or about 2010 as a Manager of Yard Operations until he was unlawfully terminated on July 3, 2016.

10. At all times during his employment, Plaintiff performed his job to the legitimate expectations of Defendant and beyond.

11. Plaintiff is an individual with a disability as defined within the Americans with Disabilities Act of 1990, bipolar depression.

12. Defendant was aware of Plaintiff's disability at all relevant times, including prior to hiring Plaintiff, at the time of hiring Plaintiff, and throughout the course of Plaintiff's employment with Defendant.

13. In spite of the same, Plaintiff's condition caused him to be disabled, and/or Defendant regarding him as disabled after December 15, 2014.

14. On or about December 15, 2014 Plaintiff requested a reasonable accommodation due to his disability which was denied. Plaintiff was instead forced to take a medical leave against his wishes.

15. Then, on or about February of 2015 Plaintiff again requested a reasonable accommodation due to his disability which was denied and instead Plaintiff was forced to go on medical leave again against his wishes.

16. Instead of going on medical leave on these occasions, Plaintiff asked his supervisor and other company supervisors to modify his work schedule and/or use vacation time that was due and owed to him.

17. Instead, on or about May 1, 2015, Defendant, placed Plaintiff on an indefinite disability leave and gave Plaintiff a general medical disqualification.

3

18. Plaintiff remained on disability leave against Plaintiff's wishes and request, until he was wrongfully terminated on July 3, 2016.

19. In spite of Plaintiff's requests for the above referenced reasonable accommodations, Defendant refused the same and instead placed Plaintiff on medical leave against my wishes and request.

20. At no relevant time, did Plaintiff need to be placed on medical leave.

21. Plaintiff's disability is unrelated to his ability to perform the essential functions of his job duties.

22. At all relevant times, Plaintiff was not a harm to himself or to others at any time during his employment with the Defendant.

23. Plaintiff complained about being placed on indefinite disability leave and given a general medical disqualification and was thereafter treated differently.

24. Defendant continued to engage in a repeated pattern of discrimination and retaliation against Plaintiff, by treating him differently in the terms and conditions of his employment because of condition or perceived disability, including but not limited to one or more of the following ways:

    a)    failing to give Plaintiff a reasonable accommodation for him to attend to his condition by modifying his work schedule and/or allowing Plaintiff to use vacation time that was already due and owed to Plaintiff;

    b)    forcing Plaintiff to go on medical leave against Plaintiff's wishes;

    c)    placing Plaintiff on indefinite medical leave and giving Plaintiff a general medical disqualification to work;

4

     d)    terminating Plaintiff on or about July 3, 2016; and

     e)    otherwise discriminated and retaliated against Plaintiff.

25. The reason Plaintiff was treated differently and ultimately terminated was because of his disability, and because he has a record of impairment, and/or because Defendant regarded him as being disabled.

26. On or about July 3, 2016, Plaintiff was terminated, and the reasons given for Plaintiff's termination are pretextual.

27. Defendant could have easily given Plaintiff a reasonable accommodation for Plaintiff to attend to his condition by modifying his work schedule and/or allowing Plaintiff to use vacation time that was already due and owed to Plaintiff. Instead, Defendant placed Plaintiff on indefinite medical leave, gave Plaintiff a general medical disqualification, and terminated Plaintiff.

28. As a result of the above, Plaintiff has suffered and will continue to suffer significant damages.

## COUNT I: DISCRIMINATION IN VIOLATION OF THE ADA

29. Plaintiff repeats and reasserts the allegations of paragraphs 1 through 28 as though set forth fully herein for this paragraph of Count I.

30. At all times throughout the course of his employment, Plaintiff performed his job to the expectations of his employer and beyond.

31. At all relevant times, Plaintiff had and has a disability and a record of disability within the meaning of the Americans with Disabilities Act, and/or Defendant perceived him as disabled.

32. At all relevant times, Plaintiff could perform his job functions with or without a reasonable accommodation from his employer.

33. Defendant subjected Plaintiff to differential treatment and adverse actions in the course of his employment after learning of his disability, and/or due to Plaintiff's disability in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12201 *et. seq.*, including but not limited to, differences in terms and conditions of his employment, by failing to reasonably accommodate Plaintiff to attend to his condition by modifying his work schedule and/or allowing Plaintiff to use vacation time that was already due and owed to Plaintiff; by placing Plaintiff on indefinite medical leave; giving Plaintiff a general medical disqualification, and terminating Plaintiff. Any other reason given for said behavior is pretextual.

34. Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to his physical well-being, so as to justify awarding punitive and exemplary damages in this case.

35. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

　　　　WHEREFORE, Plaintiff BRIAN LEU respectfully requests judgment against Defendant, UNION PACIFIC RAILROAD COMPANY., in an amount that will fully

compensate him for his injuries and damages for Defendant's violation of Plaintiff's

rights under the Americans with Disabilities Act and award Plaintiff damages for loss of

wages, past and future, loss of future earnings, loss of career opportunities, loss of

employee benefits, exemplary/punitive damages, compensatory damages for severe

emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation,

exacerbation of his medical condition, medical costs, expense of litigation, expert witness

fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as

well as any other further relief as the Court deems just and appropriate.

## COUNT II: RETALIATION

36. Plaintiff repeats and reasserts the allegations of Paragraphs 1 through 35, as though set
forth fully herein for this paragraph of Count II.

37. Plaintiff has a right to a discrimination-free work environment.

38. Plaintiff attempted to exercise that right through complaints to Defendant through its
supervisors regarding Defendant's failure to accommodate as outlined above, all of which
resulted in total inaction for Plaintiff's situation and retaliation.

39. After Plaintiff complained, he was treated less favorably than other employees including
but not limited to the following acts by Defendant: failing to reasonably accommodate
Plaintiff to attend to his condition by modifying his work schedule and/or allowing
Plaintiff to use vacation time that was already due and owed to Plaintiff; by placing
Plaintiff on indefinite medical leave; giving Plaintiff a general medical disqualification,
and terminating Plaintiff on or about July 3, 2016. All of the above was done in
retaliation for his complaints and opposition to unlawful conduct under The Americans
with Disabilities Act.

7

40. After Defendant knew of Plaintiff's complaints, Defendant interfered with his work opportunities, and terminated Plaintiff in violation of The Americans with Disabilities Act.

41. The above-mentioned acts of Defendant, were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff BRIAN LEU respectfully requests judgment against Defendant, UNION PACIFIC RAILROAD COMPANY., in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, exacerbation of his medical condition, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court deems just and appropriate.

## COUNT III: DENIAL OF REASONABLE ACCOMMODATION UNDER ADA

42. Plaintiff repeats and reasserts the allegations of paragraphs 1 through 41 as though set forth fully herein for this paragraph of Count III.

43. Defendant was required to provide Plaintiff with a reasonable accommodation under the ADA and was required to engage in an interactive exchange with Plaintiff to determine what reasonable accommodations were available to Plaintiff.

44. Defendant failed and refused to provide Plaintiff with a reasonable accommodation and failed to engage in an interactive exchange as required by the ADA, and in violation of the ADA.

8

45. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

46. Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to his physical well-being, so as to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff BRIAN LEU respectfully requests judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount that will fully compensate him for his injuries and damages for Defendant's violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, exacerbation of his medical condition, medical costs, expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court deems just and appropriate.

## COUNT IV: EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

47. Plaintiff repeats and reasserts the allegations of paragraphs 1 through 46 as though set forth fully herein for this paragraph of Count IV.

9

48. At all times throughout the course of his employment, Plaintiff performed his job to the expectations of his employer and beyond.

49. At all relevant times, Plaintiff was a participant and beneficiary of the welfare, pension and health benefit plan provided by Defendant.

50. Plaintiff was terminated on July 3, 2016, to deprive him of continued participation in Defendant's funded employee welfare and benefits program.

51. Defendant's motivation and intent for taking adverse employment actions against Plaintiff was discriminatory and in violation of the Employee Retirement Income Security Act, 29 U.S.C. §1132 *et. seq.*, Defendant can offer no legitimate reason for such differential treatment or the denial of Plaintiff's participation in said employee benefits program; any proffered reason is a pretext for Defendant's illegal motivation.

52. Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to Plaintiff's physical well-being, so as to justify awarding punitive damages and exemplary damages in this case.

53. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under ERISA.

WHEREFORE, Plaintiff BRIAN LEU respectfully requests judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount that will fully and

justly compensate him for his injuries and damages of the past and future, including but not limited to equitable relief, lost employee benefits and other incidentals of employment, attorney's fees and costs, and prejudgment interest, as well as any further relief as the Court deems appropriate.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Plaintiff repeats and reasserts the allegations of paragraphs 1 through 53 as though set forth fully herein for this paragraph of Count V.

55. Defendant's conduct by and through its agents and employees, as described above, was both extreme and outrageous to the point that it went beyond the bounds of decency and it is to be regarded as intolerable in our society.

56. By the preceding acts, Defendant, by and through its agents and employees, caused Plaintiff severe emotional distress, including among other things, extreme anger, resentment, depression, worry, anxiety, and stress.

57. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowable.

58. Defendant's actions were intentional, willful and wanton, and done with reckless disregard for Plaintiff's federally protected rights and to Plaintiff's physical well-being, so as to justify awarding punitive damages and exemplary damages in this case.

WHEREFORE, Plaintiff BRIAN LEU respectfully requests judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount that will fully and

justly compensate him for his injuries and damages of the past and future, including but not limited to equitable relief, lost employee benefits and other incidentals of employment, attorney's fees and costs, and prejudgment interest, as well as any further relief as the Court deems appropriate.

## COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff repeats and reasserts the allegations of paragraphs 1 through 58 as though set forth fully herein for this paragraph of Count VI.

60. In the alternative, if Defendant's actions and behavior by and through its agents and employees is not found to be intentional, Defendant would still be liable under the doctrine of negligent infliction of emotional distress.

61. As a direct result of Defendant's behavior, Plaintiff did, in fact, suffer severe emotional distress and outrage.

62. As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of his medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowable.

WHEREFORE, Plaintiff BRIAN LEU respectfully requests judgment against Defendant, UNION PACIFIC RAILROAD COMPANY, in an amount that will fully and justly compensate him for his injuries and damages of the past and future, including but not limited to equitable relief, lost employee benefits and other incidentals of employment, attorney's fees and costs, and prejudgment interest, as well as any further

relief as the Court deems appropriate.

**Plaintiff demands Trial by Jury**

Respectfully submitted,

**BRIAN LEU**

By: _____ /s/ Joseph E. Urani
One of Plaintiffs' Attorneys

John C. Kreamer, 6270111
Joseph E. Urani, 6278626
Kreamer Law Group, LLC
134 North Washington Street
Naperville, Illinois 60540
T. (630) 995-3668
F. (630)946-6373
Email: jckreamer@kreamerlawgroup.com
joe.urani@kreamerlawgroup.com

13